**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:08-CR-00055-02-RWS |
| AMADOR CORTES-MEZA, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

On November 23, 2010, a jury returned a verdict finding Defendant Amador Cortes-Meza guilty of conspiracy to commit sex trafficking; two counts of sex trafficking of minors; two counts of sex trafficking by force, fraud, or coercion; eight counts of importation and harboring for the purpose of prostitution; one count of transportation of a minor for prostitution; and five counts of bringing an alien into the United States. Sentencing was scheduled for March 24, 2011. On March 22, 2011, Defendant filed a Motion for New Trial and Motion to Continue Sentencing [363]. The Court did not grant the Motion to Continue Sentencing, and on March 24, 2011, the Court imposed a sentence

committing Defendant to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 months on Count One; 480 months on Counts Three, Five, Six, Eight, and Twenty-One; 120 months on Counts Nine through Twelve, Fourteen through Seventeen, Twenty-Three through Twenty-Five, Twenty-Eight and Thirty, all sentences to be served concurrently.

On May 18, 2011, Defendant filed a second Motion for New Trial [380]. On June 15, 2011, the Court entered an Order [398] setting Defendant's Motions for hearing on August 25, 2011. Prior to the scheduled hearing, counsel for Defendant requested funds for a psychological evaluation of Defendant. The Court granted that request [403]. On November 1, 2011, the hearing on Defendant's Motions was rescheduled for February 2, 2012 [413]. On January 27, 2012, counsel for Plaintiff made an oral Motion for Travel Funds to take the deposition of Maria del Rosario Malaga Bustamante ("Ms. Bustamante"). Defendant then filed a written Motion for the taking of the deposition [418]. At the hearing scheduled on February 2, 2012, the Court granted Defendant's Motion to Take the Deposition in Mexico. A hearing on Defendant's Motions was continued until the taking of the deposition could be completed. The deposition was taken September 18, 2013. Defendant's Motions

2

came before the Court for a hearing on March 14, 2014. Briefing on the issues was completed August 22, 2014, and the Motions[363 & 380] are before the Court for decision.

"Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution. Indeed, the defendant bears the burden of justifying a new trial." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006). A new trial is granted only if all five prongs of the following test are satisfied: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." United States v. Lee, 68 F.3d 1267, 1274-75 (11th Cir. 1995). A defendant's failure to fulfill any one of these prongs will result in the motion's defeat. United States v. Starrett, 55 F.3d 1525, 1554 (11th Cir. 1995).

Defendant seeks a new trial based on newly discovered evidence from the Government's witness, Ms. Bustamante. Defendant submitted an affidavit from Ms. Bustamante in his initial Motion for New Trial [363]. In the Affidavit, Ms.

3

Bustamante stated that none of the women who were alleged victims in the case were being forced or pressured to engage in prostitution. (Bustamante Aff. [363-2] at 2.) She stated that they were engaging in this activity by their "own free will." (Id.) She further stated that they were free to move about and were permitted to communicate with their families in Mexico. (Id.) She also stated that the alleged victims conspired with one another to testify against the Defendants in order to obtain legal status for themselves. (Id.) Defendant asserts that this information from Ms. Bustamante is newly discovered evidence that is material and would probably produce a different result.

On March 23, 2011, counsel for Defendant supplemented the Motion for New Trial with an affidavit detailing how the newly discovered evidence was obtained by the defense [364]. Defendant filed a second Motion for New Trial [380] asserting that a hearing on the Motion should be conducted. Defendant also raised a discovery violation asserting that the Government should have disclosed the evidence from Ms. Bustamante to the defense prior to trial.

In its Response Brief [460] to Defendant's Motions, the Government asserts the Motions should be denied because "(1) the defense did not exercise due care to discover Ms. Bustamante's evidence; and (2) the information Ms.

4

Bustamante provides is not credible or is cumulative to other witnesses' testimony and, therefore, is not of the sort capable of producing a different result at trial. Further, the defense's allegation of a Brady violation is similarly baseless because the Government provided all information related to this witness to defense in advance of trial." (Gov't. Br. [460] at 1-2.)

Counsel for Defendant has stated that she did not become aware of Ms. Bustamante's Affidavit until after trial (Michaels Aff. [364-1].) The Government identifies reports of interviews (Gov't's Resp. [365, Att. 1-4]) that were provided to defense counsel prior to trial and contain statements by Ms. Bustamante that are consistent with her Affidavit. In the Reply, Defendant does not deny having received those specific reports but appears to be more concerned that the Government did not disclose that Ms. Bustamante would not be present and testifying at trial. Defendant further complains about the lack of meaningful contact information being provided by the Government for Ms. Bustamante.

The Court finds the Defendant was given notice prior to trial that Ms. Bustamante stated that she voluntarily participated in prostitution. However,

5

Defendant was not aware of allegations by Ms. Bustamante of collusion among the alleged victims.

The Court does not find that Defendant failed to exercise due care to discover the evidence. A number of the victims gave conflicting statements concerning their involvement. However, those victims ultimately testified in support of the Government's case at trial. Also, statements were being taken of the victims up through trial and were being produced as the trial progressed. There is no evidence that Defendant was aware that Ms. Bustamante would not be present and testifying at trial.

With regard to whether the evidence would likely have produced a different result at trial, the Court notes that Ms. Bustamante's testimony would not have been material to a number of charges for which Defendant was convicted. Specifically, Defendant admitted the charges for smuggling and importation for purposes of prostitution (Counts Nine, Twelve, Fourteen, Seventeen, Twenty-Three, Twenty-Five, Twenty-Eight, and Thirty).[1] For the

---

[1] As stated *supra*, Defendant was sentenced to 120 months in the custody of the Bureau of Prisons for each of these offenses, with the sentences to run concurrently.

6

sex trafficking of minors charges (Counts Three and Five)[2] the use of force, fraud, or coercion is not an element of the crime. Thus, the evidence offered by Ms. Bustamante would be immaterial to these charges.

Serious credibility questions concerning Ms. Bustamante's testimony reduced the likelihood that it would have affected the outcome of the trial as to the remaining charges. Significant contradictions exist between Ms. Bustamante's statements to law enforcement, her Affidavit, and her deposition. The statements she gave to law enforcement when they first encountered her conflict with one another. In a June 6, 2008 interview, she first stated that she met Juan Cortes-Meza ("Juan") in Mexico and spent approximately ten months with him before coming to the United States. (Gov't's Resp. [365] Att. 1, at 3.)Two months after arriving in Norcross, she stated that she began working as a prostitute without Juan's knowledge. (Id., at 4.) The idea to work as a prostitute was her own. (Id.)

Later in that interview, she told investigators that three months after she met Juan in Mexico, he asked her to go to the United States with him to work.

---

[2]As stated *supra*, Defendant was sentenced to 480 months in the custody of the Bureau of Prisons for each of these offenses, with the sentences to run concurrently.

7

(Id.) He stated that she would be working in restaurants and cleaning houses. (Id.) She agreed to travel to the United States with him, and when they arrived in the Atlanta area, Juan told her she would have to work as a prostitute. (Id., at 5.) When she objected, he told her that she owed him money for the coyotes who helped them cross the border and she would have to work as a prostitute to pay him off. (Id.)

In an August 20, 2008 interview, Ms. Bustamante told law enforcement that she met Juan through her father, who had purchased clothes from Juan. (Id., Att. 2, at 3.) She and Juan dated in Mexico, and after dating for about five months, Juan began requesting that she perform prostitution for him. (Id.) He stated that he had substantial financial problems and that if she would work as a prostitute for a little while, they would be able to travel together to the United States. (Id.) She worked as a prostitute for Juan in Mexico for approximately one month and then the two began their travels to the United States. (Id.) Ms. Bustamante believed that she would be working in restaurants or cleaning houses when they arrived in the Atlanta area. (Id., at 5.) However, Juan told her that she would have to work as a prostitute. (Id.) She agreed to work for a few

8

months only. (Id.) However, at the time she gave this statement she had been working for approximately three to four years. (Id.)

On June 17, 2009, Ms. Bustamante inquired of law enforcement concerning the status of Juan's case and was told that he would probably get ten (10) or more years imprisonment. (Id., Att. 4 at 3.) She stated that she hoped he would get thirty (30). (Id.) She also stated that she was afraid because Armando (apparently an associate of Juan) was in the area where she lived. (Id.)

As noted earlier, in her affidavit given March 3, 2011, Ms. Bustamante stated that all of the women knew what they were doing in the prostitution business and that they were engaging in that conduct of their own free will. (Mot. for New Trial, Ex. B [363-2] at 2.) She stated that the women were free to travel about and to communicate with their families in Mexico. (Id.) She said that the alleged victims made false statements against the Defendants in order to obtain legal status for themselves. (Id.)

After counsel for Defendant received the Affidavit from Ms. Bustamante, counsel contacted Ms. Bustamante on March 22, 2011, and Ms. Bustamante provided additional information to counsel. Ms. Bustamante stated that she advised Agent Yoo that she wished to testify and that if she did testify, she

9

would state that she had not been coerced into being a prostitute or held against her will. (Michaels Aff. [364-1] at ¶11.) Ms. Bustamante stated that after she advised Agent Yoo what her testimony would be, Agent Yoo told her that her story differed from the other girls and that if she did not change her story she would be deported and have to go to jail for five years. (Id. at ¶12.) After Ms. Bustamante was in Mexico, she contacted Agent Yoo to check on the status of the case and told Agent Yoo that she wanted to come to Court and talk to the Judge, the Government, and the defense lawyers about the case. Agent Yoo advised her she could not come back to the United States because INS would not let her cross the border. (Id. at ¶13.) Ms. Bustamante stated that she was willing to come to the United States to testify. (Id. at ¶14.)

In her deposition given September 18, 2013, she acknowledged that she did not know all of the victims nor what their experiences were with the Defendants or his Co-Defendants. (Bustamante Dep. [448], at 69-71, 73, 74-77, 81, 85.) She also acknowledged that she was aware of an active physical violence by Defendant against one of the victims as well as an act of violence by a Co-Defendant against another victim. (Id., at 76, 81.) Ms. Bustamante also testified that her statement in her Affidavit about victims colluding to speak

10

against the Defendants in exchange for benefits from the Government involved only two sisters, not all of the victims. (Id., at 47, 49-50) In her deposition, Ms. Bustamante testified that she did get a work authorization card and continued presence while she was in the United States. (Id. at 101-102.) She also testified that Agent Yoo never threatened her. (Id. at 110.) Finally, Ms. Bustamante testified that she never told any agent that she wanted to come back to the United States and testify after she went to Mexico. (Id. at 112.)

At the times relevant to the charges in the Indictment, Ms. Bustamante was a minor. None of the crimes for which she is named as a victim require evidence of force. Therefore, her testimony that she was not forced to engage in prostitution would not have changed the outcome of any of the charges related to her. It is clear from the entire record that those are the charges about which she could best offer credible testimony. None of the charges against Defendant involved Ms. Bustamante.

As for those charges involving other persons as victims, Ms. Bustamante has admitted a lack of first hand knowledge in most instances. Further, there is direct testimony from those victims that contradicts the statements made by Ms. Bustamante. More importantly, there are admissions by Co-Defendants

11

Francisco Cortez-Meza, Juan Cortez-Meza, and Raul Cortez-Meza in connection with the entry of their pleas of guilty that directly contradict the statements of Ms. Bustamante. The Court concludes that the evidence that would have been presented by Ms. Bustamante lacks credibility and was not likely to produce a different result as to the charges in question.

Defendant alleges misconduct on the part of government agents based upon their allowing Ms. Bustamante to return to Mexico and not having her present for trial and failing to give Defendant notice of same. The Court finds no evidence of misconduct on the part of any government agents. The Government produced the statements of Ms. Bustamante to Defendant and had no obligation to have her present for the trial of Defendant. Based on the statements Ms. Bustamante had given to the Government, she would not have been a material witness at the trial.

Based on the foregoing, the Court concludes that Defendant has failed to establish the grounds for a new trial. Therefore, Defendant's Motions [363, 380] are hereby **DENIED**.

AO 72A
(Rev.8/82)

**SO ORDERED** this  28th  day of April, 2015.

_____
**RICHARD W. STORY**
United States District Judge

13