IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMADOR CORTES-MEZA, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:08-CR-55-RWS-JKL-2 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:18-CV-784-RWS-JKL |

**FINAL REPORT AND RECOMMENDATION**

Movant is a federal prisoner who, pro se, challenges under 28 U.S.C. § 2255 his

judgment of conviction.  (Doc. 483.)[1]  The government filed a brief opposing the

motion.  (Doc. 486.)  For the reasons discussed below, the undersigned recommends

that the motion be denied.

**I.    Background**

A grand jury indicted Movant for several crimes regarding human trafficking

of young women from Mexico to the United States for prostitution.  (Doc. 110.)  The

operative indictment charged: (1) five counts of bringing an alien into the United

States through a non-designated point of entry; (2) eight counts of importing and

harboring an alien for purposes of prostitution; (3) one count of transporting a minor

---

[1] All citations to the record are to case number 1:08-cr-55-RWS-JKL.

for purposes of prostitution; (4) two counts of sex trafficking of a minor: (5) two counts of sex trafficking by force, fraud, or coercion; and (6) one count of conspiring to commit those crimes.  (*Id.*)

Attorney Sandra Michaels represented Movant in all relevant proceedings in this Court.  Movant, through Michaels, informed the Court that he wished to plead guilty, without a plea agreement, to three of the nineteen counts of the indictment.  (*See* Doc. 487 (plea hearing transcript).)  Those counts were conspiracy, one count of sex trafficking of a minor, and one count of sex trafficking by force, fraud, or coercion.  (*Id.*)

In August 2010, the Court conducted a plea hearing.  (*Id.*)  After the prosecutor described the evidence underlying the three counts, the following exchange occurred between the Court and Movant about the minor child at issue in one of the counts:

Q. Do you realize she was 16 years old?

A. No, truthfully I didn't know that she was that age.

Q. Did you realize she was under 18?

A. No, I didn't know that.

. . . .

2

Q. My only concern is you're telling me . . . you had no idea that she was under the age of 18.

A. No, I didn't really, I truthfully didn't have an idea.

Q. Do you admit that you brought her here after giving her the impression that you were dating and you were bringing her here as your girlfriend and to live with her and with the intent of bringing her to put her into the sex trade and prostitution?

A. Yes, I do accept that. But I don't – I didn't bring her with the idea of participating in it as a prostitute. Actually, we don't speak English and things are different here.

Q. So you brought her here to be your wife or your girlfriend? Is that what you're saying?

A. No. I brought her here, I was going to work and she was going to work in a restaurant; but since she doesn't speak English, they wouldn't give her any work.

Q. So you made her a prostitute?

A. No. She knew some – she met some other friends.

Q. Oh, so this was all her idea?

A. Yes, it really was.

(*Id.* at 15-16.)  The court ended the hearing at that point, without entry of a guilty plea.

Three months later, Movant stood trial on all nineteen counts.  (Docs. 383 through 395, 410 through 411 (trial transcript).)   Nine victims, six federal law

enforcement agents, two physicians who treated two of the victims, and others testified at trial. (*Id.*) The jury convicted Movant of all counts. (Doc. 352.)

The Court sentenced Movant to forty years' imprisonment. (Doc. 367.) That sentence consisted of forty years on each of the five counts of sex trafficking, a concurrent ten-year sentence on the thirteen counts of immigration violations, and a concurrent five-year sentence on the conspiracy count. (*Id.*) The advisory sentence calculated under the U.S. Sentencing Guidelines (the "Guidelines") was life imprisonment, which was the maximum possible sentence. *United States v. Cortes-Meza*, 685 F. App'x 731, 735, 738 (11th Cir. 2017).

Petitioner filed a motion for new trial based on new evidence. (Docs. 363, 380.) That evidence was a post-trial affidavit from one of the women listed as a victim in the indictment – Maria del Rosario Malaga Bustamante – who did not testify at trial. (*Id.*) The Court granted Michaels' post-trial request to travel to Mexico to depose Bustamante, who refused to come to the United States, with a reporter from this Court to transcribe the deposition. (Docs. 445, 446, 447.) Bustamante was deposed in September 2013. (Doc. 448 (deposition transcript).)

AO 72A
(Rev.8/82)

The Court then held a hearing on Movant's motion for new trial.  (Doc. 455 (hearing transcript).)  Two federal immigration officials testified at that hearing, and the Court reviewed the transcript of Bustamante's deposition.  (*Id.*)

After additional briefing from both parties, the Court denied Movant's motion for new trial.  (Doc. 468.)   The Court did so in a detailed Order discussing Bustamante's testimony in relation to the crimes for which Movant was convicted.  (*Id.*)

The Court first noted that Bustamante swore in her affidavit that none of the alleged victims in this case were forced or pressured to engage in prostitution, but instead voluntarily engaged in it, and that the alleged victims conspired to testify against Movant to obtain legal status for themselves.  (*Id.* at 3-4.)  The Court then noted that "[s]ignificant contradictions exist between Ms. Bustamante's statements to law enforcement [in 2008], her Affidavit [in 2011], and her deposition [in 2013]." (*Id.* at 7.)  Even "[t]he statements she gave to law enforcement when they first encountered her conflict with one another."  (*Id.*)

And Bustamante backtracked even more in her deposition, which was her most recent version of events.  There, she testified "that she did not know all of the victims nor what their experiences were with the [Movant] or his Co-Defendants," she "was

AO 72A
(Rev.8/82)

aware of an active physical violence by [Movant] against one of the victims as well as an act of violence by a Co-Defendant against another victim," and "her statement in her Affidavit about victims colluding to speak against the Defendants in exchange for benefits from the Government involved only two sisters, not all of the victims." (*Id.* at 10-11.)

Based on that evidence, the Court found that the result of the trial would not have been different if Bustamante had testified at trial. "Bustamante's testimony would not have been material to . . . the charges for smuggling and importation for purposes of prostitution," i.e., the immigration crimes, because Movant "admitted th[os]e charges." (*Id.* at 6.) Bustamante's testimony also would not have been material to the two counts of sex trafficking of minors because the use of force, fraud, or coercion – the subject of Bustamante's affidavit – is not an element of that crime. (*Id.* at 6-7.) As for the remaining crimes, "[s]erious credibility questions concerning Ms. Bustamante's testimony reduced the likelihood that it would have affected the outcome of the trial." (*Id.* at 7.) Those credibility issues included Bustamante's inconsistent statements discussed above, her "admitted [] lack of first hand knowledge in most instances, . . . direct testimony from [] victims that contradicts the statements

made by Ms. Bustamante," and "admissions by Co-Defendants . . . that directly contradict the statements of Ms. Bustamante." (*Id.* at 11-12.)

Finally, the Court found it "clear from the entire record that . . . the charges about which [Bustamante] could best offer credible testimony" obviously were the charges related to her personally. (*Id.* at 11.)  But "her testimony that she was not forced to engage in prostitution would not have changed the outcome of any of the charges related to her" because "[n]one of the crimes for which she is named as a victim require[s] evidence of force." (*Id.*)  And more importantly, "[n]one of the charges against [Movant] involved Ms. Bustamante." *Id.*; *see* Doc. 110.

Movant challenged on appeal the denial of his motion for new trial.  *Cortes-Meza*, 685 F. App'x at 736-37.  The court of appeals rejected the claim because Movant "did not carry his burden of showing that the newly discovered evidence [Bustamante's testimony] would probably produce an acquittal." *Id.* at 737 (quotation marks omitted).  The court of appeals recounted the inconsistencies in Bustamante's various statements, the "overwhelming evidence supporting [Movant's] conviction" on the only crimes to which Bustamante's testimony was material, and the numerous witnesses whose testimony at trial contradicted Bustamante's statements.  *Id.*

7

In his § 2255 motion, Movant claims that Michaels rendered ineffective assistance by not presenting Bustamante's "exculpatory" testimony at trial. (Doc. 483 at 5.) Movant states that he told Michaels before trial that Bustamante was available to testify for him to "prove[] the alleged victims['s] testimony was not truthful." (*Id.*) According to Movant, Bustamante's testimony, "if presented to the jury, [would] have proven beyond a reasonable doubt that all government witnesses (supposed victims) were lying as to the facts of the conspiracy," yet Michaels "ignored" it "and waited after the jury convicted him" to address the issue in a motion for new trial. (*Id.*)

Movant also claims that Michaels rendered ineffective assistance by not negotiating a favorable plea deal with the government. (*Id.* at 4, 7.) Movant states that he told Michaels "that he wanted to accept responsibility, as all other co-defendants [did] . . . instead of going to trial," but Michaels "never addressed with the government [his] desire to plea[d] guilty." (*Id.* at 4.) According to Movant, "[h]ad counsel negotiated a timely plea, as offered to all other co-defendants, [Movant's] sentence [would] have been much lower tha[n] the 480 months sentence imposed." (*Id.* at 7.)

AO 72A
(Rev.8/82)

## II.    Legal Standards For Relief Under 28 U.S.C. § 2255

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984).  As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000).  To

establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took or would have failed to take the action he contends the lawyer should have taken. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

## III.   Analysis

Movant's claim that Michaels was ineffective for not presenting Bustamante's testimony at trial lacks merit. Movant did not state when he told Michaels about Bustamante, but only that he did so "[b]efore trial." (Doc. 483 at 5.) Movant thus has not shown that Michaels could have obtained Bustamante's testimony for trial, particularly given that Bustamante refused to testify in the United States when Michaels sought her testimony after trial.

10

But even assuming that Michaels had obtained Bustamante's testimony and presented it at trial, Movant has not shown a reasonable probability that the jury would have acquitted him of any of the charged crimes.  After trial, the Court reviewed in detail Bustamante's testimony in her affidavit and deposition and her statements to law enforcement.  The testimony was not material to most of the charges and was not credible as it pertained to the other charges.  The Court described the "[s]ignificant contradictions" between all of Bustamante's various statements and her admissions in her last statement – her deposition – that she did not have first-hand knowledge regarding much of the criminal activity and knew of some criminal activity by Movant.

Because Bustamante had significant credibility issues and her testimony was limited in scope, it is not at all likely that the jury would have credited her testimony in the face of the damning testimony presented at trial from the victims, law enforcement agents, and physicians.  The Court found as much when it denied Movant's motion for new trial, and the court of appeals agreed.  *See* Doc. 468 at 12 ("The Court concludes that the evidence that would have been presented by Ms. Bustamante lacks credibility and was not likely to produce a different result as to the charges in question."); *Cortes-Meza*, 685 F. App'x at 737 (observing that "there was

11

overwhelming evidence supporting [Movant's] conviction on these counts and contradicting [Bustamante's] . . . allegations" and that "the credibility of [Bustamante] . . . was greatly undermined.").

Movant's conclusory assertion in his § 2255 motion that Michaels rendered ineffective assistance for not presenting Bustamante's testimony at trial does not overcome the facts discussed above. Movant has not shown ineffective assistance regarding Bustamante's testimony.

Movant also has not shown ineffective assistance regarding his purported desire to plead guilty. While Movant may have desired to negotiate a favorable plea deal with the government like his co-defendants, he has not alleged any facts to support a finding that the government was willing to negotiate any such deal with him. There is thus no basis to fault Michaels for not securing a plea deal. It is not sufficient for Movant to simply assert that Michaels should have secured a favorable plea or should have done more than she did. *See Griffin v. United States*, 204 F. App'x 792, 795 (11th Cir. 2006) ("It is not enough to show that . . . counsel could have done more."); *Bravo-Zamora v. United States*, No. 1:11cv494-MHT, 2013 WL 4851609, at *6 (M.D. Ala. Sept. 10, 2013) ("The fact that [counsel's] arguments . . . were not successful

AO 72A
(Rev.8/82)

does not entitle [petitioner] to any relief based on this claim of ineffective assistance of counsel.").

And what Michaels did was assist Movant with his desire to plead guilty. She informed the government and the Court that Movant wanted to plead guilty to some of the charges. The Court held a hearing, with all parties and counsel present, to accept that plea. The record thus refutes Movant's claim that Michaels never told the government that Movant wanted to plead guilty and prevented him from doing so.

It was Movant, not Michaels or anyone else, who prevented the plea and forced a trial. At the plea hearing, Movant denied, under oath, the factual basis of the charges. His denial contradicts his current assertion that he wanted to plead guilty and accept responsibility and that Michaels secreted that desire and forced him to trial.

The U.S. Supreme Court has repeatedly emphasized that criminal defense counsel "should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013). Courts must faithfully apply the "'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Id.* That is because "the *Strickland* test has nothing to do with what the best lawyers would have done. Nor is the test even what most good

13

lawyers would have done. We ask only whether some reasonable lawyer could have acted, in the circumstances, as defense counsel acted at trial." *Bates v. Sec'y, Fla. Dep't of Corr.*, 768 F.3d 1278, 1299 (11th Cir. 2014) (quotation marks omitted).

Movant has not overcome that strong presumption with regard to Michaels's representation in connection with a guilty plea and Bustamante's testimony. Movant's claims of ineffective assistance of counsel lack merit.

## IV.   Certificate Of Appealability ("COA")

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement

14

to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here. Movant has not shown that Michaels rendered ineffective assistance in the two areas he targets under § 2255. That conclusion is not reasonably debatable given the record in this case.

## V.   Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence under 28 U.S.C. § 2255 [483] and a certificate of appealability be **DENIED** and that case number 1:18-cv-784-RWS-JKL be **DISMISSED**.

**SO RECOMMENDED** this 16th day of August, 2018.

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)